IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JIMMY D. BRIDGES,

                              Plaintiff,

      v.

J. HUIBREGTSE, TIM GILBERG,
LINDA HODDY, MONICA HORNER,
SGT. COOK, GARY BOUGHTON,
ELLEN K. RAY, KELLY TRUMM,
CHRISTINE BEERKIRCHER,

                              Defendants.

ORDER

06-cv-544-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was remanded from the Court of Appeals for the Seventh Circuit following that court's decision on March 4, 2009, reversing in part Judge Shabaz's decision to dismiss plaintiff Jimmy Bridges's complaint for failure to state a claim upon which relief may be granted. <u>Bridges v. Gilbert</u>, 557 F.3d 541, 555-56 (7th Cir. 2009). The court of appeals held that plaintiff stated a claim for free speech retaliation because he alleged that defendants subjected him to retaliation for his filing an affidavit in a wrongful death case that the wife of a deceased prisoner brought against prison officials. A preliminary pretrial conference was set for April 22, 2009, in order to set a schedule for the remainder of the

proceedings. In an April 21, 2009 order, Magistrate Judge Crocker postponed the conference because an important issue has come to the attention of the court.

Inspection of plaintiff's previous litigation history shows that on at least three prior occasions, this court has denied plaintiff leave to proceed in forma pauperis in lawsuits that contained claims that were legally frivolous, malicious or failed to state a claim upon which relief may be granted. See Bridges v. Litscher, 02-C-300-C, decided June 14, 2002; Bridges v. Porath, 95-C-736-S, decided October 19, 1995; and Bridges v. Fish, 95-C-173-S, decided March 20, 1995. Because plaintiff received these strikes before he filed his complaint in this case, he does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g), which states the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision applies notwithstanding the fact that on October 17, 2006, Judge Shabaz improvidently granted plaintiff leave to proceed in forma pauperis on his retaliation claim. Ammons v. Gerlinger, 547 F.3d 724, 725 (7th Cir. 2008) (section 1915(g) enforced by court of appeals following district court's error in granting leave to proceed in forma pauperis on appeal). Because plaintiff has a history of frivolous suits and was a prisoner at the time he

2

filed this lawsuit, he must prepay the entire filing fee unless his claims showed that he was in imminent physical danger at the time he filed the complaint, which in this case they do not. Thus far plaintiff has paid $19.94 of his $350 filing fee. Therefore, in order to continue with this case, plaintiff will need to pay the remaining $330.06 of the filing fee. He will have until May 13, 2009 in which to do so. If he does not pay the remainder of the filing fee by May 13, the clerk of court is directed to close this file. However, even if the file is closed, plaintiff will still owe the remainder of the filing fee and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997).

Plaintiff should be aware that another option remains open to him. The state online prisoner locator indicates that plaintiff is no longer incarcerated or in a halfway house. If this is indeed the case, he is free to refile his lawsuit without being subject to § 1915(g). Plaintiff would be allowed to proceed in forma pauperis on his retaliation claim provided that (1) he qualifies financially (in order to be considered he must include a request to proceed in forma pauperis along with an affidavit of indigency); and (2) his claim is not barred by the relevant statute of limitations.

There is a final issue to resolve. In its August 22, 2007 order, the court of appeals appointed counsel for plaintiff. Now that the case has been remanded to this court, counsel requests permission to withdraw from this representation. Because I understand the court of appeals' order to apply to appellate proceedings only, I will grant counsel's request to

3

withdraw. However, counsel is requested to provide the court with plaintiff's address so that he can be served with court documents. From plaintiff's long history of litigation in this court, I am aware that he is capable of proceeding without an attorney. Should his circumstances change, he remains free to raise his concerns in a motion for appointment of counsel.

## ORDER

IT IS ORDERED that:

1. Plaintiff is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g). He may have until May 13, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $330.06. If, by May 13, 2009, plaintiff fails to pay this amount, the clerk of court is directed to close this file. However, even in that event, the clerk of court is to insure that plaintiff's obligation to pay the entire fee for filing this case is reflected in this court's financial records.

2. Plaintiff's appellate counsel's motion to withdraw as counsel for proceedings in this court is GRANTED.

Entered this 23rd day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5